UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST et al., <br><br>Plaintiffs, <br>v. <br><br>D & R GLAZING, INC. et al., <br><br>Defendants. | CASE NO. 2:22-cv-01831-LK <br><br>ORDER REGARDING OBJECTIONS TO DEFAULT JUDGMENT |

  This matter comes before the Court on Defendant Peggy Owens' Objections to Default Judgment, which the Court construes as a request pursuant to Federal Rule of Civil Procedure 55(c) to set aside the Clerk's entry of default and the Court's order granting in part Plaintiffs' motion for default judgment. *See* Dkt. Nos. 23, 24; *see also* Dkt. Nos. 12, 22. Plaintiffs filed a response in opposition to Ms. Owens' objections, arguing that neither order should be set aside. Dkt. No. 25 at 3–7. For the reasons set forth below, the Court denies Ms. Owens' request.

ORDER REGARDING OBJECTIONS TO DEFAULT JUDGMENT - 1

## I. BACKGROUND

Plaintiffs Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Western Glaziers Retirement Fund, Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund, Board of Trustees of the Washington Construction Industry Substance Abuse Program, and Board of Trustees of the Painters and Allied Trades Labor Management Cooperation Initiative (collectively, "the Trusts"), are trusts created pursuant to written trust agreements between various unions, including the International Union of Painters and Allied Trades District Council No. 5 (the "Union"). Dkt. No. 1 at 3. They initiated this action in December 2022, seeking to audit the payroll records of Defendant D & R Glazing, Inc., doing business as Don's A-1 Glass Service ("D&R"), and to recover damages based on delinquent employee benefit contributions from the company and its corporate governor, Peggy Owens. *See id.* at 4–5, 11. After neither Defendant appeared or defended in the action, the Clerk of Court entered default and the Court subsequently granted in part Plaintiffs' motion for default judgment. *See* Dkt. Nos. 6–7, 12–13, 22. The Court declined to reach Plaintiffs' request for monetary relief and attorney's fees but ordered Defendants to submit D&R's relevant payroll and related records to the Trusts and their auditors within 30 days. *See* Dkt. No. 22 at 6–10, 15.

On May 1, 2023, Ms. Owens mailed a three-page document entitled "OBJECTION TO DEFAULT JUDGMENT" stating, among other things, that (1) D&R informed the Union in January 2023 that "they were suing the wrong party," (2) D&R "did not appear/file in December 2022 because the Glaziers Trust union had already been paid by [D&R]," (3) D&R and Ms. Owens "have submitted documentation to the Trust on multiple occasions and have already been audited," and (4) Ms. Owens "cannot afford an attorney since [she is] on the verge of bankruptcy." Dkt. No.

23 at 1–3.[1] Ms. Owens also attached a letter Plaintiffs' counsel sent to her following the Court's March 29, 2023 order, Dkt. No. 23-1 at 1–17, as well as communications between herself, the Trusts, and Plaintiffs' counsel in connection with this litigation and a separate lawsuit between D&R Glazing and different plaintiffs in the District of Oregon, *id.* at 18–58; Dkt. No. 23-2.

On May 7, 2023, the Court ordered Plaintiffs to respond to Ms. Owens' filing, which they did on May 28, 2024. Dkt. Nos. 24, 25.[2] As part of that order, the Court noted that to the extent Ms. Owens purports to represent D&R Glazing, she cannot do so because "[a] business entity, except a sole proprietorship, must be represented by counsel." Dkt. No. 24 (quoting LCR 83.2(b)(4)); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *GS Holistic, LLC v. Martial Inc.*, No. C23-0395-JLR, 2023 WL 3204072, at *1 (W.D. Wash. May 2, 2023). The order further stated that "unless and until the Court grants relief pursuant to a proper motion, Defendants remain bound by the Court's order granting in part Plaintiffs' motion for default judgment." Dkt. No. 24.

In their response, Plaintiffs argue that "Defendants have presented no evidence to show or support a basis for not responding to the Complaint" and "have provided no statements or evidence of a termination of the continuing obligations of D&R to the Plaintiffs." Dkt. No. 25 at 5. In addition, Plaintiffs claim that "[t]he present action is not for the prior audit of the payroll and related records that was previously completed in 2022, but for an updated audit period after the prior audit covering the period of October 2020 through March 2022." *Id.*

---

[1] The document is dated December 14, 2023, *id.* at 1, which appears to be accidentally carried over from a prior objection letter in a different case, *see* Dkt. No. 23-2 at 1–2.

[2] Ms. Owens was permitted to file an optional reply by June 11, 2024, but to date she has not filed anything beyond her initial objections.

ORDER REGARDING OBJECTIONS TO DEFAULT JUDGMENT - 3

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). In determining whether "good cause" exists in either context, courts consider the following three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* The defendant bears the burden of showing that one of the above factors favors setting aside the default. *Franchise Holding*, 375 F.3d at 926. And, because default judgment "is a drastic step appropriate only in extreme circumstances," cases "should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).

### B. Ms. Owens' Request is Denied

Although "the district court is free to deny relief if any of the three factors is true," the Court considers each "good cause" factor independently in relation to Ms. Owens' request. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (cleaned up).

#### 1. <u>Culpable Conduct</u>

"[A] defendant's conduct is culpable if [s]he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*,

244 F.3d 691, 697 (9th Cir. 2001) (citation omitted), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). However, "a movant cannot be treated as culpable simply for having made a conscious choice not to answer"; rather, for an "intentional" failure to answer to qualify as "culpable," the party seeking to set aside the default "must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp.*, 244 F.3d at 697). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.* A defendant's conduct is culpable, though, "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* (quoting *TCI Grp.*, 244 F.3d at 698).

Here, Ms. Owens states that D&R "did not appear/file in December 2022" in response to Plaintiffs' complaint "because the Glaziers Trust union had already been paid[.]" Dkt. No. 23 at 2. But as explained above, she cannot represent D&R, and apart from her assertion that she cannot afford an attorney, she does not otherwise explain why *she* failed to appear or defend. *See id.* Insufficient financial resources can, in some cases, negate a finding of culpable conduct. *See, e.g.*, *Smith v. Brewer*, No. 2:19-CV-1918-TLN-DB, 2022 WL 374428, at *3 (E.D. Cal. Feb. 8, 2022), *report and recommendation adopted*, 2022 WL 956992 (E.D. Cal. Mar. 30, 2022); *Dist. Council 16 N. Cal. Health & Welfare Tr. Fund v. Shugart Glass of Tex., Inc.*, No. 20-CV-05656-KAW, 2021 WL 2020597, at *2 (N.D. Cal. May 20, 2021). However, it appears based on her representations that Ms. Owens had notice of this lawsuit as early as December 2022, yet her objections offer no explanation of her default that is inconsistent with a finding of a deliberate or willful failure to respond. *See, e.g.*, *Delgado v. Dempsey's Adult Care Homes, LLC*, No. 22-15176,

2023 WL 3034263, at *1 (9th Cir. Apr. 21, 2023) ("[U]nexplained failure to respond to the complaint, despite having notice of the action, amounts to culpable conduct."). The Court therefore finds that this factor does not weigh in favor of setting aside the entry of default as to Ms. Owens.

   2. Meritorious Defense

A party seeking to vacate an entry of default on the basis of a meritorious defense "must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094 (quoting *TCI Grp.*, 244 F.3d at 700). This is not an "extraordinarily heavy" burden, but does require alleging sufficient facts that, if true, would constitute a defense. *Id.* (quoting *TCI Grp.*, 244 F.3d at 700); *see also id.* ("[T]he question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." (cleaned up)). Still, "[a] mere general denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holding*, 375 F.3d at 926 (quotation marks and citation omitted).

Ms. Owens raises a few different defenses, none of which are potentially meritorious as to her ultimate individual liability; an issue the Court has yet to reach. *See* Dkt. No. 23 at 1–3; *see also generally* Dkt. No. 22. For example, she claims that Plaintiffs sued "the wrong company" for default judgment in two states "for [the] same items," that Defendants "submitted documentation to the Trust on multiple occasions and have already been audited," and that her "payroll records are provided with the monthly remittance report[.]" *Id.* at 1–2. But these assertions speak mainly to the Trusts' allegations against D&R as a corporate entity, as opposed to Ms. Owens' personal liability as an officer of D&R. *See* Dkt. No. 1 at 10–11. On the latter point, Ms. Owens states that she "did not take over the company until January 2022," Dkt. No. 23 at 1, but that does not conflict with the timeline in Plaintiffs' complaint. Indeed, the Trusts aver that D&R made late monthly contribution payments from April 2022 through September 2022, failed to submit reports or pay

contributions for the months of October and November 2022, and failed to provide records for completion of an audit. Dkt. No. 1 at 6, 9.[3] Furthermore, the fact that Ms. Owens has not appeared on the "union website" since June 2022 does not, without more, provide a basis for a potential meritorious defense against the Trusts' claims. Dkt. No. 23 at 2.

Accordingly, having reviewed her objections, the Court is unable to discern a meritorious defense as to Ms. Owens individually that would support setting aside the entry of default against her.

3. Prejudice to Plaintiffs

To be prejudicial, the setting aside of an entry of default "must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. Rather, the delay must hinder the plaintiff's ability to pursue their claim and "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)). Merely "being forced to litigate on the merits" is not considered prejudice. *Id.* Plaintiffs do not argue that they would suffer any prejudice if the default were set aside as to Ms. Owens, *see generally* Dkt. No. 25, and the Court concludes that there would be no harm aside from delaying the resolution of this case.

4. Balancing the Factors

In sum, while setting aside the entry of default and order granting in part Plaintiffs' motion for default judgment would not prejudice them, the Court finds that Ms. Owens' conduct was not simply due to excusable neglect and that she has presented insufficient meritorious defenses. While proceeding toward a final default judgment is potentially a "drastic step," the Court finds that it is not unwarranted in this case based on Defendants' deliberate decision to avoid participating in this

---

[3] While Ms. Owens contends that she has attempted (unsuccessfully) to "be released by the union," she does not dispute that D&R is bound by a relevant labor agreement. Dkt. No. 23 at 2.

litigation. *See, e.g.*, *Sanchez v. Decision Diagnostics Corp.*, No. 2:21-CV-00418-FWS-JPR, 2022 WL 18142518, at *9 (C.D. Cal. Dec. 5, 2022); *Bd. of Dirs. of Motion Picture Indus. Pension Plan v. Revolver Film Co.*, No. CV 16-5295-RSWL-EX, 2017 WL 7806559, at *4 (C.D. Cal. May 5, 2017).

### III.  CONCLUSION

Having found that two out of the three "good cause" factors weigh against vacating the entry of default against Ms. Owens, the Court DENIES her request under Federal Rule of Civil Procedure 55(c). Dkt. No. 23. The Court further reiterates that unless and until the Court grants relief pursuant to a proper motion, Defendants remain bound by the Court's order granting in part Plaintiffs' motion for default judgment. *See* Dkt. Nos. 22, 24.

Dated this 2nd day of July, 2024.

Lauren King
United States District Judge