UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST et al., <br><br> Plaintiffs, <br> v. <br><br> D & R GLAZING, INC. et al., <br><br> Defendants. | CASE NO. 2:22-cv-01831-LK <br><br> ORDER GRANTING IN PART PLAINTIFFS' MOTION AND ISSUING ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiffs' Motion for Order to Show Cause Re: Contempt and for Sanctions. Dkt. No. 29. The Court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the Court grants in part the motion as described below.

## I. BACKGROUND

Plaintiffs Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Western Glaziers Retirement Fund, Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund, Board of Trustees of the Washington Construction Industry Substance

ORDER GRANTING IN PART PLAINTIFFS' MOTION AND ISSUING ORDER TO SHOW CAUSE - 1

Abuse Program, and Board of Trustees of the Painters and Allied Trades Labor Management Cooperation Initiative (collectively, "the Trusts"), are trusts created pursuant to written trust agreements between various unions, including the International Union of Painters and Allied Trades District Council No. 5 (the "Union"). Dkt. No. 1 at 3. They initiated this action in December 2022, seeking to audit the payroll records of Defendant D & R Glazing, Inc., doing business as Don's A-1 Glass Service ("D&R"), and to recover damages based on delinquent employee benefit contributions from the company and its corporate governor, Peggy Owens. *See id.* at 4–5, 11. After neither Defendant appeared or defended in the action, the Clerk of Court entered default and the Court subsequently granted in part Plaintiffs' motion for default judgment. *See* Dkt. Nos. 6–7, 12–13, 22. The Court declined to reach Plaintiffs' request for monetary relief and attorney's fees but ordered Defendants to submit D&R's relevant payroll and related records to the Trusts and their auditors within 30 days. *See* Dkt. No. 22 at 6–10, 15.

On May 1, 2023, Ms. Owens mailed a three-page document entitled "OBJECTION TO DEFAULT JUDGMENT," Dkt. No. 23, which the Court construed as a request pursuant to Federal Rule of Civil Procedure 55(c) to set aside the Clerk's entry of default and the Court's order granting in part Plaintiffs' motion for default judgment, Dkt. No. 24. On July 2, 2024, the Court denied Ms. Owens' request and reiterated that "unless and until the Court grants relief pursuant to a proper motion, Defendants remain bound by the Court's order granting in part Plaintiffs' motion for default judgment." Dkt. No. 27 at 8. Plaintiffs aver that they sent the Court's July 2, 2024 Order to D&R and Ms. Owens and "have requested Defendants' voluntary compliance," but that Defendants "failed to respond to these requests and have failed to comply with the Court's Order to produce records for an audit." Dkt. No. 29 at 3; *see* Dkt. No. 30 at 2–3; Dkt. No. 30-1 at 2–12. As a result, Plaintiffs now move for an order directing Defendants to show cause why they should not be held in contempt and subject to sanctions, including paying Plaintiffs' attorney's fees and

ORDER GRANTING IN PART PLAINTIFFS' MOTION AND ISSUING ORDER TO SHOW CAUSE - 2

costs incurred by bringing the instant motion. *See* Dkt. No. 29 at 5–6; Dkt. No. 30 at 3. Plaintiffs certify that they served their motion on Defendants on July 23, 2024. Dkt. No. 29 at 8.

## II.   DISCUSSION

"A court's contempt powers are broadly divided into two categories: civil contempt and criminal contempt." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016); *accord Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 858 (9th Cir. 2023). And while the distinction between the two categories is not always clear—particularly given that the same conduct may result in sanctions for both—courts differentiate between civil and criminal contempt based on the resulting sanction's "character and purpose." *Shell Offshore*, 815 F.3d at 628–29 (quoting *Int'l Union, United Mine Workers of Am. V. Bagwell*, 512 U.S. 821, 827 (1994)); *see also Hicks v. Feiock*, 485 U.S. 624, 631–32 (1988). Criminal contempt sanctions are "punitive" in the sense that they are intended to "punish prior offenses," whereas civil sanctions are meant to "coerce compliance with a court order or to compensate the aggrieved party for sustained losses." *Oracle USA*, 81 F.4th at 858 (quotation marks and citations omitted); *see also Bagwell*, 512 U.S. at 827 ("[C]ivil contempt sanctions . . . may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.").

Plaintiffs contend that Defendants "have qualified themselves as prime candidates for both [civil] and criminal contempt" and "request that both sanctions and punishment be [o]rdered in this matter." Dkt. No. 29 at 5. However, in light of the complained-of conduct (Defendants' failing to comply with the Court's order), and the character of the sanctions requested (Defendants' compliance with the Court's order and Plaintiffs' compensation in the form of attorney's fees and costs incurred), the Court finds that civil contempt is the proper prism through which to view Plaintiffs' motion. *See, e.g.*, *Bagwell*, 512 U.S. at 827; *Hicks*, 485 U.S. at 631–32; *Shell Offshore*, 815 F.3d at 629.

A party moving for civil contempt must prove by clear and convincing evidence that the nonmoving party violated a court order. *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013). "The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (quotation marks and citation omitted). Once the moving party has met its burden, the burden shifts to the alleged contemnor to demonstrate why it was unable to comply. *Stone v. City & Cnty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

Here, plaintiffs have established by clear and convincing evidence a prima facie case that, despite being given notice and sufficient time to comply, Defendants have failed to comply with this Court's March 29, 2024 Order to submit D&R's payroll and related records to Plaintiffs and their auditors. *See* Dkt. No. 22 at 15; Dkt. No. 30 at 2–3. In addition, the Court notes that Ms. Owens' motion to set aside default indicates that she had notice of the order directing her to submit D&R's records. *See* Dkt. No. 23 at 1. Because the record establishes by clear and convincing evidence that Defendants have failed to comply with this Court's order, the burden now shifts to Defendants to "show 'categorically and in detail' why [they are] unable to comply with the court's previous order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (quoting *United States v. Rylander*, 656 F.2d 1313, 1318 (9th Cir. 1981), *rev'd on other grounds*, 460 U.S. 752 (1983)); *see also, e.g.*, *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 40 (D.D.C. 2010).

The record contains no information justifying Defendants' noncompliance. Because the burden rests with them, Defendants must show cause why the Court should not hold them in civil contempt. If Defendants fail to justify their noncompliance, the Court will issue an order holding them in civil contempt and imposing daily sanctions in the amount of $200 per Defendant per day

to induce their compliance. *See, e.g.*, *Greater St. Louis Constr. Laborers Welfare Fund v. J L Brown Contracting Serv., Inc.*, Case No. 4:15-CV-960-CEJ, 2016 WL 5076189, at *1, 3 (E.D. Mo. Sept. 20, 2016) (imposing fine of $200 per day for each day of noncompliance on a defaulting employer who failed to provide books and payroll records needed for an accounting to determine the amount of delinquent contributions); *Bd. of Trs. of Teamsters Joint Council 32 - Emps. Health & Welfare Fund v. H. Brooks & Co. LLC*, No. 21-CV-1455 (KMM/DJF), 2022 WL 17352459, at *5 (D. Minn. Dec. 1, 2022) (imposing a $200 daily fine "for each day of [defendant's] continued noncompliance" with the court's default judgment order compelling an audit); *Buffalo Laborers' Welfare Fund v. D. Land Const. Co.*, No. 08-CV-746C, 2010 WL 3894987, at *2 (W.D.N.Y. Sept. 30, 2010) (imposing "a coercive fine of $100 per day" from the date of service of the court's order until "defendants submit to the audit").

However, the Court denies Plaintiffs' request for attorney's fees and costs. *See* Dkt. No. 29 at 6; Dkt. No. 30 at 3. Plaintiffs cite no legal authority in support of their request for fees and costs, and they once again fail to adequately support their request for fees. *See generally* Dkt. Nos. 29–30. Despite the Court's denial of Plaintiffs' previous request for fees due in part to the billing summary combining attorney and paralegal fees "without a clear delineation among them," Dkt. No. 22 at 9, Plaintiffs repeat that mistake here, Dkt. No. 30-2 at 3–5. Moreover, to determine the amount of fees to award in ERISA actions using the "hybrid lodestar/multiplier approach," *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000), the Court must evaluate whether the hourly rates are reasonable based on the "prevailing local rate for an attorney of the skill required to perform the litigation," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Plaintiffs provide no information regarding the reasonableness of the hourly rates or hours expended. *See generally* Dkt. Nos. 29–30. The Court declines to perform that analysis for them.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion. Dkt. No. 29. The Court ORDERS Defendants D&R and Ms. Owens to SHOW CAUSE in writing, on or before September 3, 2024, why the Court should not hold them in civil contempt for failure to comply with the Court's March 29, 2024 Order. Plaintiffs may file a written response no later than seven days following the filing of Defendants' submission.

IT IS FURTHER ORDERED that the failure to timely show cause will result in a finding of contempt and the imposition of coercive sanctions as described above. If Defendants comply with the Court's order, the Court may decline to enter sanctions or lift the sanctions before they take effect. *See Bagwell*, 512 U.S. at 827, 829 (emphasizing that civil contempt sanctions are avoidable through obedience and that the court may suspend such sanctions pending compliance).

IT IS FURTHER ORDERED that Plaintiffs shall serve a copy of this Order by personal service on Defendants and file proof of service with the Court within 14 days of the date of this Order.

IT IS FURTHER ORDERED that the Clerk of Court shall mail a copy of this Order via certified mail to:

1) D & R GLAZING, INC. d/b/a DON'S A-1 GLASS SERVICE
   c/o Peggy Owens
   13447 NE Whitaker Way Portland, OR 97230

2) D & R GLAZING, INC. d/b/a DON'S A-1 GLASS SERVICE
   c/o Peggy Owens
   PO Box 20427
   Portland, OR 97294

Dated this 8th day of August, 2024.

Lauren King
United States District Judge