UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST et al., <br><br> Plaintiffs, <br><br> v. <br><br> D & R GLAZING, INC. et al., <br><br> Defendants. | CASE NO. 2:22-cv-01831-LK <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiffs' Motion for Order to Show Cause Re: Contempt and for Sanctions. Dkt. No. 63. The Court grants the motion in part and denies it in part as described below.

## I.    BACKGROUND

Plaintiffs filed this action in December 2022 to obtain unpaid benefit contributions from Defendants D & R Glazing, Inc. and its corporate governor, Peggy Owens. *See generally* Dkt. No. 1. Plaintiffs' efforts have been stymied by Defendants' repeated failure to turn over records.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE - 1

In March 2024, the Court granted in part Plaintiffs' motion for an order for partial default judgment and ordered Defendants to provide Plaintiffs with relevant payroll records. *See* Dkt. No. 22. Defendants did not comply, and in August 2024, the Court granted in part Plaintiffs' motion for an order to show cause why Defendants should not be held in contempt for that failure. *See* Dkt. No. 31. After Defendants filed a response, the Court discharged the order to show cause, vacated the portion of its prior Order granting partial default judgment to Plaintiffs, and allowed Plaintiffs to file an amended complaint that specified the relevant time period for a records audit and the records sought. Dkt. No. 36. Plaintiffs subsequently filed an amended complaint. Dkt. No. 38. Neither Defendant responded to the amended complaint, and the Clerk entered judgment against both of them. Dkt. Nos. 49, 53.

Next, Plaintiffs moved again for partial default judgment, seeking an order requiring Defendants to "submit their payroll and related records to Plaintiffs for completion of an audit for the time period of April 1, 2022 through March 31, 2024[.]" Dkt. No. 59-1 at 2; *see also* Dkt. No. 59 at 2. In an order dated July 7, 2025, the Court found that a collective bargaining agreement gives the trustees the right to audit D&R's records, and, after considering the *Eitel* factors, the Court found that "compelling an audit is appropriate in this case[.]" Dkt. No. 62 at 6, 11. Accordingly, the Court directed D&R and Ms. Owens to "submit D&R's payroll and related records to Plaintiffs within 30 days of the date of this Order for completion of an audit" of the listed records "for the time period of April 1, 2022 through March 31, 2024[.]" *Id.* at 12–13. On July 10, 2025, Plaintiffs sent a copy of the Court's July 7, 2025 order to Defendants by email and by mail. Dkt. No. 64 at 2; Dkt. No. 63-1 at 2–17; Dkt. No. 63-2 at 2–3. Plaintiffs also attempted to serve the order on Defendants through a process server, but the process server was unable to effect service despite four attempts. Dkt. No. 63-3 at 2 (noting that Ms. Owens was not present at the office location, she did not return the process server's calls, and no one else was present at the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE - 2

office). Defendants have not responded to Plaintiffs' correspondence and requests to schedule the audit. Dkt. No. 64 at 2.

On December 16, 2025, Plaintiffs filed this motion stating that D&R and Ms. Owens have not provided them with the Court-ordered records. Dkt. No. 63. They seek an order requiring Plaintiffs to appear before the Court and show cause "why they should not be held in contempt of Court and punished accordingly for the willful action of disobeying the July 7, 2025 Order of this Court for the production of payroll and related records to the Plaintiffs." Dkt. No. 63-4 at 2. Plaintiffs served a copy of this motion on Defendants by U.S. mail on December 16, 2025, Dkt. No. 63 at 7, but neither Defendant has responded to the motion.

## II.   DISCUSSION

"A court's contempt powers are broadly divided into two categories: civil contempt and criminal contempt." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016); *accord Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 858 (9th Cir. 2023). And while the distinction between the two categories is not always clear—particularly given that the same conduct may result in sanctions for both—courts differentiate between civil and criminal contempt based on the resulting sanction's "character and purpose." *Shell Offshore*, 815 F.3d at 628–29 (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994)); *see also Hicks v. Feiock*, 485 U.S. 624, 631–32 (1988). Criminal contempt sanctions are "punitive" in the sense that they are intended to "punish prior offenses," whereas civil sanctions are meant to "coerce compliance with a court order or to compensate the aggrieved party for sustained losses." *Oracle USA*, 81 F.4th at 858 (quotation marks and citations omitted); *see also Bagwell*, 512 U.S. at 827 ("[C]ivil contempt sanctions . . . may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.").

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE - 3

Plaintiffs contend that Defendants "have qualified themselves as prime candidates for both civil and criminal contempt" and "request that both sanctions and punishment be [o]rdered in this matter." Dkt. No. 63 at 5. However, in light of the complained-of conduct (Defendants' failing to comply with the Court's order), and the character of the sanctions requested (Defendants' compliance with the Court's order and Plaintiffs' compensation in the form of attorney's fees and costs incurred), the Court finds that civil contempt is the proper prism through which to view Plaintiffs' motion. *See, e.g.*, *Bagwell*, 512 U.S. at 827; *Hicks*, 485 U.S. at 631–32; *Shell Offshore*, 815 F.3d at 629.

A party moving for civil contempt must prove by clear and convincing evidence that the nonmoving party violated a court order. *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locs. 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013). "The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (quotation marks and citation omitted). Once the moving party has met its burden, the burden shifts to the alleged contemnor to demonstrate why it was unable to comply. *Stone v. City & Cnty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

Here, Plaintiffs have established by clear and convincing evidence a prima facie case that, despite being given notice and sufficient time to comply, Defendants have failed to comply with this Court's July 7, 2025 Order to submit D&R's payroll and related records to Plaintiffs and their auditors. *See* Dkt. No. 62 at 12–13; Dkt. No. 64 at 2. In addition, Plaintiffs sent copies of the July 7, 2025 Order by email and mail to both Defendants. Dkt. No. 64 at 2; Dkt. No. 63-2 at 2–17; Dkt. No. 63-2 at 2–3. Both Defendants therefore had notice of the Court's Order, but they have not complied with that Order or responded to this motion. Because the record establishes by clear and convincing evidence that Defendants have failed to comply with this Court's order, the burden

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE - 4

now shifts to Defendants to "show 'categorically and in detail' why they [are] unable to comply with the court's previous order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (quoting *United States v. Rylander*, 656 F.2d 1313, 1318 (9th Cir. 1981), *rev'd on other grounds*, 460 U.S. 752 (1983)); *see also, e.g.*, *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F. Supp. 2d 35, 39–40 (D.D.C. 2010).

The record contains no information justifying Defendants' noncompliance. Again, neither of them has responded to this motion, and the Court construes their non-opposition "as an admission that the motion has merit." LCR 7(b)(2). Because the burden rests with them, Defendants must show cause why the Court should not hold them in civil contempt. If Defendants fail to justify their noncompliance, the Court will issue an order holding them in civil contempt and imposing daily sanctions in the amount of $200 per Defendant per day to induce their compliance. *See, e.g.*, *Greater St. Louis Constr. Laborers Welfare Fund v. J L Brown Contracting Serv., Inc.*, Case No. 4:15-CV-960-CEJ, 2016 WL 5076189, at *1, 3 (E.D. Mo. Sept. 20, 2016) (imposing fine of $200 per day for each day of noncompliance on a defaulting employer who failed to provide books and payroll records needed for an accounting to determine the amount of delinquent contributions); *Bd. of Trs. of Teamsters Joint Council 32 - Emps. Health & Welfare Fund v. H. Brooks & Co. LLC*, No. 21-CV-1455 (KMM/DJF), 2022 WL 17352459, at *5 (D. Minn. Dec. 1, 2022) (imposing a $200 daily fine "for each day of [defendant's] continued noncompliance" with the court's default judgment order compelling an audit); *Buffalo Laborers' Welfare Fund v. D. Land Const. Co.*, No. 08-CV-746C, 2010 WL 3894987, at *2 (W.D.N.Y. Sept. 30, 2010) (imposing "a coercive fine of $100 per day" from the date of service of the court's order until "defendants submit to the audit").

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE - 5

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion. Dkt. No. 63. The Court DENIES Plaintiffs' request for an order to show cause why Defendants should not be held in criminal contempt, and GRANTS their request for an order to show cause why Defendants should not be held in civil contempt. The Court ORDERS Defendants D&R and Ms. Owens to SHOW CAUSE in writing, on or before March 16, 2026, why the Court should not hold them in civil contempt for failure to comply with the Court's July 7, 2025 Order. Plaintiffs may file a written response no later than seven days following the filing of Defendants' submission.

IT IS FURTHER ORDERED that the failure to timely show cause will result in a finding of contempt and the imposition of coercive sanctions as described above. If Defendants comply with the Court's order, the Court may decline to enter sanctions or lift the sanctions before they take effect. *See Bagwell*, 512 U.S. at 827, 829 (emphasizing that civil contempt sanctions are avoidable through obedience and that the court may suspend such sanctions pending compliance).

IT IS FURTHER ORDERED that Plaintiffs shall serve a copy of this Order by personal service on Defendants and file proof of service with the Court within 14 days of the date of this Order. If Defendants evade service, Plaintiffs may serve them by certified mail and file proof of that service with the Court (alongside proof that Defendants have evaded service).

IT IS FURTHER ORDERED that the Clerk of Court shall mail a copy of this Order via certified mail to:

1)  D & R GLAZING, INC. d/b/a DON'S A-1 GLASS SERVICE
    c/o Peggy Owens
    13447 NE Whitaker Way Portland, OR 97230

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE - 6

2) D & R GLAZING, INC. d/b/a DON'S A-1 GLASS SERVICE
   c/o Peggy Owens
   P.O. Box 20427
   Portland, OR 97294

Dated this 24th day of February, 2026.

                                                    Lauren King
                                                    United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE - 7