UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST et al.,<br>Plaintiffs,<br>v.<br>D & R GLAZING, INC. et al.,<br>Defendants. | CASE NO. 2:22-cv-01831-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. Plaintiffs filed this action in December 2022 to obtain unpaid benefit contributions from Defendants D & R Glazing, Inc. and its corporate governor, Peggy Owens. *See generally* Dkt. No. 1. Plaintiffs' efforts have been frustrated by Defendants' years-long failure to turn over records. In an order dated July 7, 2025, the Court found that a collective bargaining agreement gives the trustees the right to audit D & R's records, and, after considering the *Eitel* factors, the Court found that "compelling an audit is appropriate in this case[.]" Dkt. No. 62 at 6, 11. The Court ordered Defendants to submit D & R's payroll and related

records to Plaintiffs within 30 days of the date of that order. *Id.* at 12. Defendants failed to comply with that order.

Consequently, on February 24, 2026, the Court granted Plaintiffs' unopposed motion for an order to show cause why D & R Glazing, Inc. and Ms. Owens should not be held in civil contempt. Dkt. No. 65 at 6. The Court ordered D & R and Ms. Owens to show cause in writing, on or before March 16, 2026, why the Court should not hold them in civil contempt for failure to comply with the Court's July 7, 2025 Order. *Id.*

Defendants did not show cause or respond to the Court's February 24, 2026 order to do so. As a result, on April 2, 2026, the Court issued an Order of Contempt against both Defendants. Dkt. No. 70. The Court's order stated that "Defendants D & R Glazing, Inc. and Peggy Owens are held in civil contempt for failing to comply with the Court's July 7, 2025 Order." *Id.* at 2. The Court also ordered D & R Glazing, Inc. and Peggy Owens to each pay to the Clerk of Court "a fine in the amount of $200.00 per day, beginning 14 days after the date of this Order, to induce their compliance with the Court's July 7, 2025 Order, and continuing thereafter until each of them satisfies the Court in writing that they are no longer in contempt." *Id.* at 3. Plaintiffs were required to personally serve a copy of the contempt order on Defendants, *id.* at 3, and Plaintiffs filed a certificate of service showing that on April 9, 2026, they served the Court's order on Defendants by serving Ms. Owens personally and as the authorized agent for D & R Glazing. Dkt. No. 71. Nearly six months have elapsed since that service occurred, and in the meantime, Plaintiffs have not informed the Court of Defendants' compliance with the Court's July 7, 2025 Order or sought relief for their failure to do so.

Plaintiffs have a general duty to prosecute their claims, *see Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978), and they fail to fulfill this duty when they do not litigate their case, *see, e.g.*, *Spesock v. U.S. Bank, NA*, No. C18-0092-JLR, 2018 WL 5825439,

at *3 (W.D. Wash. Nov. 7, 2018). "[T]o prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," federal courts may exercise their inherent power to terminate a case sua sponte for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *see also* LCR 41(b)(1) ("Any case that has been pending in this court for more than nine months without any proceeding of record having been taken may be dismissed by the court on its own motion for lack of prosecution.").

The Court therefore ORDERS Plaintiffs to show cause why this case should not be terminated for failure to prosecute within 21 days of this Order. Failure to timely respond will result in termination of the case; that is, the Court will enter judgment reflecting the relief awarded thus far in the case, and will dismiss the remainder of Defendants' claims without prejudice.

Dated this 7th day of October, 2026.

Lauren King
United States District Judge